MEMORANDUM OPINION
*(bench opinion)*

August 16, 2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| JACKIE LYNN REYES | : | Case No. 06-31589 |
| a/k/a JACLYN HOUSTON | : | Chapter 13 |
| | : | |
| Debtor | : | |

BEFORE THE HONORABLE RICHARD STAIR, JR.

UNITED STATES BANKRUPTCY JUDGE

1          THE COURT:  This matter came on for hearing today, August 16, 2006, on

2     my Order entered on July 27, 2006, directing the Debtor to appear and show cause why

3     her bankruptcy case should not be dismissed for her failure to obtain the consumer

4     credit counseling briefing required by 11 U.S.C. § 109(h)(1).  For the reasons

5     hereinafter discussed, this bankruptcy case will be dismissed.  The court has no

6     discretion on the credit counseling briefing issue.

7          The Debtor, acting *pro se*, filed the Voluntary Petition commencing her

8     Chapter 13 case on July 24, 2006.  On the second page of her petition, under the section

9     entitled "Certification Concerning Debt Counseling by Individual/Joint Debtor(s),"

10    Ms. Reyes was required to check one of two boxes.  The first box is adjacent to the

11    following certification:  "I/we have received approved budget and credit counseling

12    during the 180-day period preceding the filing of this petition."  Underneath the first

13    box is a second box, which is adjacent to this certification:  "I/we request a waiver of

14    the requirement to obtain budget and credit counseling prior to filing based on exigent

15    circumstances.  (Must attach certification describing.)"  Ms. Reyes checked the second

16    box, i.e., the box requesting a waiver of the consumer credit counseling requirement

17    based on "exigent circumstances."

18         The Debtor also filed on July 24, 2006, a document entitled "Certification of

19    Exigent Circumstances and Request for Waiver of Briefing From Credit Counseling

20    Agency" in which she elaborates, to a great extent, on litigation she has pending in the

21    United States District Court in Mississippi.  Specifically, however, she states, among

22    other things, that she is filing "an emergency Chapter 13 Petition to cause her property

23    to be held by the United States Trustee for this District pending resolution of legal

24    issues, to prevent even further loss by the United States Department of the Treasury in

25    the form of fines, and penalties, resulting from the unlawful activity of non law abiding

1    creditors and other entities[.]"

2          She then goes on to state that for these and other reasons set forth in the

3    certification, "time did not allow for a briefing by a consumer credit agency.  And

4    considering the circumstances, the Debtor submits that it is not necessary in this case."

5          Ms. Reyes attached to the certification she filed with her petition copies of

6    the following documents:

7          (1)  an Amended Complaint for Injunctive Relief, Damages, and Related

8    Relief that she filed on April 4, 2005, against BankPlus, and some eighteen other

9    defendants, including officers of BankPlus, the Debtor's former bankruptcy attorney,

10   and other property owners, in the United States District Court for the Southern District

11   of Mississippi, alleging violations of the Bank Holding Company Act, violations of the

12   Sherman Antitrust Act, securities fraud, common law fraud and deceit, violations of the

13   Fair Housing Act, civil rights violations, violations of the Violent Crime Control and

14   Law Enforcement Act of 1994, gender discrimination, conversion, breach of fiduciary

15   duty, intentional infliction of emotional distress, defamation, fraudulent conveyance,

16   and violations of Mississippi securities laws, and seeking damages totaling more than

17   $10,750,000,000.00, and an injunction prohibiting the defendants from conspiring

18   against her and harassing her;

19         (2)  a Motion by Plaintiff to Add United States Government as Party

20   Plaintiff filed in the Mississippi District Court action on February 16, 2006;

21         (3)  a Motion to Order Clerk to Comply With Federal Rules of Civil

22   Procedure filed in the Mississippi District Court on January 15, 2006; and

23         (4)  an Order entered by a magistrate judge on January 21, 2006, in the

24   Mississippi District Court litigation granting her motion to proceed *in forma pauperis*

25   and consolidating matters for trial.

1              Under the Bankruptcy Abuse Prevention and Consumer Protection Act of

2       2005, in order to be eligible to file bankruptcy under any chapter of title 11, an

3       individual debtor must participate in a pre-petition credit counseling briefing.

4       Specifically, 11 U.S.C. § 109(h)(1) provides as follows:

5                      Subject to paragraphs (2) and (3), and notwithstanding any other

6                      provision of this section, an individual may not be a debtor under

7                      this title unless such individual has, during the 180-day period

8                      preceding the date of filing of the petition by such individual,

9                      received from an approved nonprofit budget and credit

10                     counseling agency described in section 111(a) an individual or

11                     group briefing (including a briefing conducted by telephone or on

12                     the Internet) that outlined the opportunities for available credit

13                     counseling and assisted such individual in performing a related

14                     budget analysis.

15                     This requirement may be temporarily waived, however, pursuant to

16      11 U.S.C. § 109(h)(3)(A) if the debtor files a certification that:

17                     (i)  describes exigent circumstances that merit a waiver of the

18                     requirements of paragraph (1);

19                     (ii)  states that the debtor requested credit counseling services

20                     from an approved nonprofit budget and credit counseling agency,

21                     but was unable to obtain the services referred to in paragraph (1)

22                     during the 5-day period beginning on the date on which the

23                     debtor made that request; and

24                     (iii)  is satisfactory to the court.

25                     Pursuant to 11 U.S.C. § 109(h)(3)(B), the exemption under § 109(h)(3)(A)

1    "shall cease to apply . . . on the date on which the debtor meets the requirements of

2    paragraph (1), but in no case may the exemption apply . . . after the date that is 30 days

3    after the debtor files a petition, except that the court, for cause, may order an additional

4    15 days."

5            Additionally, 11 U.S.C. § 109(h)(4) provides that debtors may be excused

6    from the counseling requirement altogether in the event of the following:

7            The requirements of paragraph (1) shall not apply with respect to

8            a debtor whom the court determines, after notice and hearing, is

9            unable to complete those requirements because of incapacity,

10           disability, or active military duty in a military combat zone.  For

11           the purposes of this paragraph, incapacity means that the debtor

12           is impaired by reason of mental illness or mental deficiency so

13           that he is incapable of realizing and making rational decisions

14           with respect to his financial responsibilities; and 'disability'

15           means that the debtor is so physically impaired as to be unable,

16           after reasonable effort, to participate in an in person, telephone,

17           or Internet briefing required under paragraph (1).

18           Within the Sixth Circuit, courts addressing this eligibility issue are in

19   agreement that the statute says what it means and means what it says, thus requiring all

20   three components of the § 109(h)(3)(A) requirements to be satisfied if the debtor is to

21   qualify for the exigent circumstances objection. *See, e.g., In re Burrell*, 339 B.R. 664,

22   666-67 (Bankr. W.D. Mich. 2006); *In re Graham*, 336 B.R. 292, 296-97 (Bankr. W.D.

23   Ky. 2005); *In re Fields*, 337 B.R. 173, 179-80 (Bankr. E.D. Tenn. 2005); *In re Cleaver*,

24   333 B.R. 430, 434-35 (Bankr. S.D. Ohio 2005).

25           "[A]s long as the statutory scheme is coherent and consistent, there generally

1   is no need for a court to inquire beyond the plain language of the statute." *United States*

2   *v. Ron Pair Enters., Inc.*, 109 S. Ct. 1026, 1030 (1989). "When the words of a statute

3   are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"

4   *Conn. Nat'l Bank v. Germain*, 112 S. Ct. 1146, 1149 (1992) (quoting *Rubin v. United*

5   *States*, 101 S. Ct. 698, 701 (1981)).

6          The language of § 109(h)(1) is plain and unambiguous: "an individual may

7   not be a debtor under [title 11] unless [he or she] has, [within 180 days preceding the

8   filing date]," received a consumer credit counseling briefing from an approved credit

9   counseling agency. There is no mistaking the ordinary, plain meaning that any

10  individual filing a petition under any chapter of the Bankruptcy Code must either

11  (1) participate in a consumer credit counseling briefing prior to filing, or (2) certify to

12  the court that they were unable to meet this requirement prior to filing due to exigent

13  circumstances.

14          Likewise, the method for obtaining a waiver of the pre-petition consumer

15  credit counseling requirement is expressly and specifically set forth by the statute.

16  Section 109(h)(3)(A) states that any debtor requesting a waiver must file a certification

17  with the court, providing the following necessary elements, which must be satisfactory

18  to the court:

19          (1)  a description of the exigent circumstances meriting the waiver; and

20          (2)  a statement that the debtor actually "requested credit counseling services

21  from an approved . . . agency," but he or she was "unable to obtain the services referred

22  to in paragraph (1)" of § 109(h) because the agency was unable to provide the debtor

23  with counseling within five days of the request.

24  Based upon the plain language of the statute, the court has absolutely no discretion with

25  respect to the consumer credit counseling requirement. *See Fields*, 337 B.R. at 180

1   ("Based upon the plain language of the statute, the court has no discretion with respect

2   to the consumer credit counseling requirement."); *Cleaver*, 333 B.R. at 433 ("The

3   statute is unequivocal and allows for no other excuse or exception.").  It cannot be

4   waived unless the requirements of § 109(h)(4) are met, i.e., the individual is

5   incapacitated or disabled, as defined by the statute, or is actively serving in the military

6   in a combat zone.

7          In summary, the 11 U.S.C. § 109(h)(1) credit counseling briefing

8   requirements must be performed pre-petition unless exigent circumstances prevent the

9   debtor from obtaining the counseling, the debtor has actually made an attempt to obtain

10  counseling but could not obtain it within five days of making the request, these facts are

11  certified to the court, and the court finds the explanations satisfactory.  As noted, even if

12  the exigent circumstances exemption applies, § 109(h)(3)(B) provides that it only

13  applies for thirty days unless the court, for cause, grants another fifteen-day exemption.

14  This means a debtor must meet the § 109(h)(1) credit counseling briefing requirements

15  during that thirty-day post-petition period.

16         In this case, the Debtor did not satisfy the requirements of § 109(h)(3)(A),

17  nor is she excepted from the briefing by virtue of § 109(h)(4).  The Debtor filed a

18  certification; however, it does not contain a statement that she attempted to obtain credit

19  counseling pre-petition but could not do so within five days after making a request, nor

20  does it contain facts to support that the Debtor was faced with exigent circumstances

21  justifying a waiver of the pre-petition credit counseling requirement.  None of the

22  statements contained in the certification or the documents attached thereto evidence the

23  type of emergency situation necessary to constitute exigent circumstances under the

24  statute.  Moreover, the Debtor is clearly not currently in active military service in a

25  combat zone, nor is she incapacitated or disabled, as those terms are defined under

7

1    § 109(h)(4).

2        Accordingly, the court has no discretion but to dismiss this bankruptcy case,

3    and an appropriate order to that effect will be entered.  I will ask the court reporter to

4    transcribe this opinion in order that the Debtor might have a full explanation as to why I

5    am required to dismiss her case, even though, for reasons unbeknownst to me, she did

6    not appear at the hearing after appropriate notice.

7    FILED:  August 18, 2006

8                                                    */s/ RICHARD STAIR, JR.*
                                                     RICHARD STAIR, JR.
9                                                    U.S. BANKRUPTCY JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25