## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

Case No.  06-31589

JACKIE LYNN REYES
a/k/a JACLYN HOUSTON

          Debtor

## MEMORANDUM ON DEBTOR'S
## MOTION FOR RECUSAL AND
## MOTION FOR RELIEF FROM DISMISSAL ORDER

**APPEARANCES:**    JACKIE LYNN REYES
      7755 Wood Road
      Corryton, Tennessee  37721
      Debtor, *Pro Se*

      GWENDOLYN M. KERNEY, ESQ.
      Post Office Box 228
      Knoxville, Tennessee  37901
      Chapter 13 Trustee

      RICHARD F. CLIPPARD, ESQ.
      UNITED STATES TRUSTEE
      Patricia C. Foster, Esq.
      Suite 114, Howard H. Baker, Jr. United States Courthouse
      800 Market Street,
      Knoxville, Tennessee  37902
      Attorneys for the United States Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court are the following documents filed by the Debtor, *pro se*, on September 5, 2006: (1) a "Notice of Conversion to Chapter 7" (Notice of Conversion), whereby the Debtor states that she is converting her Chapter 13 case to Chapter 7; (2) a "Motion and Affidavit for Recusal of Judge Stair" (Motion for Recusal), whereby the Debtor asks the court to disqualify itself from hearing matters involving this bankruptcy case because "he is prejudice[d] towards women who work in the construction field for a living, and that his rulings reflect the same, as he rule[d] in favor of dismissing the Debtor's case"; and (3) a "Motion for Relief From August 18, 2006 Order, and Motion for Relief From Stipulation by Debtor, and Motion for Stay and Suspension of Proceedings, and Demand for Due Process and Equal Protection" (Motion for Relief From August 18, 2006 Dismissal Order), whereby the Debtor requests, *inter alia*, relief from the August 18, 2006 Order dismissing this bankruptcy case.[1]

For the reasons hereinafter stated, the Notice of Conversion will be stricken and both the Motion for Recusal and Motion for Relief From August 18, 2006 Dismissal Order will be denied.

The court dismissed this Chapter 13 bankruptcy case on August 18, 2006, for one reason — Ms. Reyes was ineligible to be a debtor under title 11 due to her failure to obtain the prepetition credit counseling briefing required by 11 U.S.C. § 109(h)(1) (2005) and to support her request for a temporary waiver of the § 109(h)(1) credit counseling briefing requirement with the certification

---

[1] Additionally, the Debtor prays "that these proceedings be stayed and suspended for a period of not less than 60 days so the Debtor may prepare and file her *Petition for Writ of Mandamus*, in the proper Court, seeking relief from deprivation of access to the Untied [sic] States Bankruptcy Court for the Southern District of Mississippi, to file her Notices of Removal" and "that this Court provide equal protection to the Debtor and her creditors."

2

of exigent circumstances required by 11 U.S.C. § 109(h)(3) (2005).  Notwithstanding the Debtor's

failure to appear at the August 16, 2006 hearing requiring her to show cause why her case should not

be dismissed, the court, in order that Ms. Reyes might understand the basis of its ruling, explained

that ruling in an opinion dictated from the bench, which was transcribed and filed on August 18,

2006, contemporaneously with the Order dismissing Ms. Reyes' bankruptcy case.  *See In re Reyes*,

Case No. 06-31589, slip op. (Bankr. E.D. Tenn. Aug. 18, 2006).  The court does not deem it

necessary to reiterate the basis of its ruling on August 16, 2006, or to further explain § 109(h) which

dictates the credit counseling briefing eligibility requirements imposed upon individual debtors after

the October 17, 2005 effective date of the consumer provisions of the Bankruptcy Abuse Prevention

and Consumer Protection Act of 2005.

The August 18, 2006 dismissal Order was fully dispositive of the Debtor's bankruptcy case

and thus constituted a final order subject to the ten-day appeal time fixed by Rule 8002(a) of the

Federal Rules of Bankruptcy Procedure.  *See Badalyan v. Holub (In re Badalyan)*, 236 B.R. 633, 635

(B.A.P. 6th Cir. 1999) ("An order dismissing a bankruptcy case is a final order.").  The Debtor did

not file a notice of appeal nor did she timely file a motion of the type specified in Rule 8002(b) of

the Federal Rules of Bankruptcy Procedure that cause a stay of the ten-day appeal time.[2]

The August 18, 2006 dismissal Order is a final, nonappealable order, and the court cannot

consider the Motion for Relief From August 18, 2006 Dismissal Order.  Had the Debtor's Motion

---

[2] Motions to amend or make additional findings of fact, to alter or amend the judgment, for a new trial, or for
relief under Rule 60(b) of the Federal Rules of Civil Procedure will stay the running of the ten-day appeal time.  *See* FED.
R. BANKR. P. 8002(b).  However, all such motions must be filed within that ten-day period.  *See* Rules 52(b) and 59(b)
and (e) of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 9014(c) and 9023, respectively,
of the Federal Rules of Bankruptcy Procedure.

for Relief From August 18, 2006 Dismissal Order been filed timely, *i.e.*, on or before August 28, 2006, the court could have deemed it to be a motion to alter or amend the judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rule 9023 of the Federal Rules of Bankruptcy Procedure, and could have considered it under the standards applicable to such motions. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) ("[W]hen a party files a motion to reconsider a final order or judgment within ten days of entry, we will generally consider the motion to be brought pursuant to Rule 59(e).").

With regard to the Debtor's Motion for Recusal, the Debtor questions the court's impartiality because she "submits that he is prejudice[d] towards women who work in the construction field for a living, and that his rulings reflect the same, as he rule[d] in favor of dismissing the Debtor's case." Simply stated, this court has no prejudice towards women who work in the construction field for a living, and the August 18, 2006 dismissal Order, as the court fully explained in its August 16, 2006 bench opinion, is grounded solely on the Debtor's failure to obtain the credit counseling briefing under § 109(h)(1) or to file the certification required by § 109(h)(3). The Debtor was not eligible to be a debtor under title 11. The court had no discretion in the matter.

Finally, the Debtor's Notice of Conversion to Chapter 7 is ineffective and will be stricken because the Debtor's Chapter 13 case was dismissed on August 18, 2006, and there is, therefore, no bankruptcy case subject to conversion.

4

An order consistent with this Memorandum will be entered.


FILED:  September 15, 2006

BY THE COURT

*/s/  RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE