**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

JACKIE LYNN REYES
a/k/a JACLYN HOUSTON

        Case No.  06-31589

      Debtor

**MEMORANDUM ON DEBTOR'S
MOTION FOR EXTENSION OF TIME**

**APPEARANCES:**   JACKIE LYNN REYES
  7755 Wood Road
  Corryton, Tennessee  37721
  Debtor, *Pro Se*

  GWENDOLYN M. KERNEY, ESQ.
   Post Office Box 228
   Knoxville, Tennessee  37901
   Chapter 13 Trustee

  RICHARD F. CLIPPARD, ESQ.
  UNITED STATES TRUSTEE
   Patricia C. Foster, Esq.
   Suite 114, Howard H. Baker, Jr. United States Courthouse
   800 Market Street,
   Knoxville, Tennessee  37902
   Attorneys for the United States Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

Before the court is the motion filed by the Debtor, *pro se*, on September 28, 2006, titled "Motion For Extension of Time to file NOTICE OF APPEAL or Response to September 15, 2006 ORDER, And Demand for Due Process" as amended by the "AMENDED Motion For Extension of Time to file NOTICE OF APPEAL or Response to September 15, 2006 ORDER, and Demand for Due Process" filed on October 2, 2006 (collectively, Motion for Extension of Time). From a review of the Motion for Extension of Time, it appears that the Debtor seeks the following relief: (1) an order acknowledging that all proceedings in this bankruptcy case have been stayed pursuant to Rule 1014(b) of the Federal Rules of Bankruptcy Procedure; and (2) an extension of time to file a notice of appeal to the court's September 15, 2006 Order striking the Notice of Conversion to Chapter 7, and denying the "Motion and Affidavit for Recusal of Judge Stair" and "Motion for Relief From August 18, 2006 Order, and Motion for Relief From Stipulation by Debtor, and Motion for Stay and Suspension of Proceedings, and Demand for Due Process and Equal Protection," all three of which were filed by the Debtor on September 5, 2006.

**I**

The following constitutes a synopsis of the proceedings that have taken place in this bankruptcy case.

The Debtor, acting *pro se*, filed the Voluntary Petition commencing this bankruptcy case under Chapter 13 of the Bankruptcy Code on July 24, 2006. On July 27, 2006, the court, *sua sponte*, entered an Order directing the Debtor to appear on August 16, 2006, and show cause why her case should not be dismissed because she was not eligible to be a debtor under title 11 due to her failure

2

to comply with the credit counseling briefing requirements of 11 U.S.C. § 109(h) (2005).  The Debtor did not appear at the August 16, 2006 hearing, and the court, for the reasons stated in a memorandum opinion dictated from the bench in open court, dismissed this bankruptcy case pursuant to an Order entered on August 18, 2006.  *See In re Reyes*, Case No. 06-31589, slip op. (Bankr. E.D. Tenn. Aug. 18, 2006).[1]

On August 30, 2006, the Debtor filed a document titled "Notice of Debtor's Motion, Filed in the Southern District of Mississippi, For *Change of Venue*, pursuant to Rule 1014(b) of the federal rules of bankruptcy procedure" (Notice).  Appended to the Notice is, *inter alia*, a copy of a "Motion for Relief From 'Final Decree/Order Closing Case' Motion for Injunctive Relief Motion for Change of Venue, and Due Process Demand" (Mississippi Motion for Relief) filed in the United States Bankruptcy Court for the Southern District of Mississippi (Mississippi Bankruptcy Court).  The Mississippi Motion for Relief contains a filed-stamped date of August 29, 2006, is signed by the Debtor, and contains the following averments by the Debtor:  (1) that she filed a bankruptcy petition under Chapter 7 in the Mississippi Bankruptcy Court on February 22, 2006; (2) that she filed a Motion to Dismiss her Chapter 7 case in the Mississippi Bankruptcy Court on March 9, 2006, which was followed by a second Motion to Dismiss; (3) that the Chapter 7 case was dismissed by the Mississippi Bankruptcy Court on April 18, 2006, pursuant to an Order of Dismissal; and (4) that her case filed in the Mississippi Bankruptcy Court was closed pursuant to a "Final Decree/Order Closing Case" entered on April 3, 2006.

---

[1] The August 16, 2006 bench opinion was transcribed and filed on August 18, 2006.

On September 5, 2006, the Debtor filed an "Amended Notice of Debtor's Motion, Filed in the Southern District of Mississippi, for Change of Venue, pursuant to Rule 1014(b) of the Federal Rules of Bankruptcy Procedure" to which is appended a "Notice of Motion and Affidavit for Recusal of Judge Stair."  Also on September 5, 2006, the Debtor filed the following:  (1)  a "Motion and Affidavit for Recusal of Judge Stair"; (2)  a "Motion for Relief From August 18, 2006 Order, and Motion for Relief From Stipulation by Debtor, and Motion for Stay and Suspension of Proceedings, and Demand for Due Process and Equal Protection"; and (3)  a "Notice of Conversion to Chapter 7."  For the reasons set forth in the Memorandum on Debtor's Motion for Recusal and Motion for Relief From Dismissal Order filed on September 15, 2006, the court, pursuant to an Order entered the same date, denied both the "Motion and Affidavit for Recusal of Judge Stair" and the "Motion for Relief From August 18, 2006 Order, and Motion for Relief From Stipulation by Debtor, and Motion for Stay and Suspension of Proceedings, and Demand for Due Process and Equal Protection," and directed that the "Notice of Conversion to Chapter 7" was stricken.  *See In re Reyes*, Case No. 06-31589, slip op. (Bankr. E.D. Tenn. Sept. 15, 2006).

II

A

**Applicability of Bankruptcy Rule 1014(b)**

By her present Motion for Extension of Time, the Debtor contends that all proceedings in this bankruptcy case have been stayed pursuant to Rule 1014(b) of the Federal Rules of Bankruptcy Procedure.  Rule 1014, titled "**Dismissal and Change of Venue**" provides in material part:

> (b) **Procedure when petitions involving the same debtor or related debtors are filed in different courts**
>
> If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor . . . on motion filed in the district in which the petition filed first is pending and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made.

FED. R. BANKR. P. 1014.

Rule 1014(b) has no application to the present case. Other than the Debtor's statements contained in the Notice filed on August 30, 2006, the court has no evidence of the commencement or status of any bankruptcy case filed by the Debtor in the Southern District of Mississippi. However, giving credence to the judicial admissions of the Debtor set forth in her August 30, 2006 Notice, the court finds that the Debtor's case in the Mississippi Bankruptcy Court was commenced on February 22, 2006, was dismissed on April 18, 2006, and was closed on May 3, 2006. Because her present Chapter 13 case was filed in this court on July 24, 2006, over three months after the Debtor's Chapter 7 case was dismissed by the Mississippi Bankruptcy Court, Rule 1014(b) can have no application. She did not have another bankruptcy case pending on July 24, 2006, when she filed the Voluntary Petition commencing her Chapter 13 case in this court.

Furthermore, the court does not construe Rule 1014(b) to bestow eligibility on a debtor who is otherwise ineligible to file a petition under title 11. Here, the Debtor was not eligible to be a debtor under title 11 because she did not meet the eligibility requirements of § 109(h) of the Bankruptcy

Code. Rule 1014(b) cannot be used to trump the statutory eligibility requirements of § 109(h). *See*, *e.g.*, *In re Lake Worth Generation, LLC*, 318 B.R. 894, 906 (Bankr. S.D. Fla. 2004) ("The Federal Rules of Bankruptcy Procedure do not trump or limit a bankruptcy court's authority under the Code to rule on substantive rights.").

**B**

**Motion for Extension of Time to File Notice of Appeal**

The Debtor requests an extension of the ten-day appeal time fixed by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure to file her notice of appeal of the court's September 15, 2006 Order striking the "Notice of Conversion to Chapter 7" and denying the "Motion and Affidavit for Recusal of Judge Stair" and "Motion for Relief From August 18, 2006 Order, and a Motion for Relief From Stipulation by Debtor, and Motion for Stay and Suspension of Proceedings, and Demand for Due Process and Equal Protection."

Rule 8002, titled "**Time for Filing Notice of Appeal**," provides in material part:

**(a) Ten-day period**

The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.

. . . .

**(c) Extension of time for appeal**

(1) The bankruptcy judge may extend the time for filing the notice of appeal by any party . . .;

. . . .

>     (2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

FED. R. BANKR. P. 8002.

The Debtor acknowledges that her Motion for Extension of Time, which was filed on September 28, 2006, thirteen days after entry of the September 15, 2006 Order, was not filed within the ten-day appeal time mandated by Rule 8002(a). She states, however, that the Motion for Extension of Time was nonetheless timely filed because she was allowed an additional three days after "service" of the Order, or through September 28, 2006, to file the Motion for Extension of Time. The Debtor is incorrect.

Rule 9006(f) of the Federal Rules of Bankruptcy Procedure provides:

**(f) Additional time after service by mail or under Rule 5(b)(2)(C) or (D) F. R. Civ. P.**

>    When there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule 5(b)(2)(C) or (D) F. R. Civ. P., three days are added after the prescribed period would otherwise expire under Rule 9006(a).[2]

---

[2] Federal Rules of Bankruptcy Procedure 9006(a) provides:

**(a) Computation**

>    In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made

(continued...)

FED. R. BANKR. P. 9006(f).

The three days will be added under Rule 9006(f) only when the period in question is measured from the "service" of the Order. The rule is inapplicable when some other act, such as the time within which a notice of appeal must be "filed," is required.

> The time for filing a notice of appeal from the bankruptcy court to the district court is governed by Bankruptcy Rule 8002(a). "The notice of appeal shall be *filed* with the clerk of the bankruptcy court within 10 days of the date of the *entry* of the judgment, order, or decree appealed from." . . . The period begins to run from the date of the Order's entry, not from the date of its service.

*Arbuckle v. First Nat'l Bank of Oxford (Matter of Arbuckle)*, 988 F.2d 29, 31 (5th Cir. 1993).

In summary, the Debtor's Motion for Extension of Time, not having been filed within the ten-day appeal period mandated by Rule 8002(a), *i.e.*, by September 25, 2006, as required by Rule 8002(c)(2), is untimely.

Rule 8002(c)(2) provides, however, that the court may still grant a late-filed motion requesting an extension of the ten-day appeal period provided such a motion is filed within twenty days after the expiration of the time for filing a notice of appeal. The court may, however, only grant a late-filed motion "upon a showing of excusable neglect."

---

[2](...continued)
    the clerk's office inaccessible, in which event the period runs until the end of the next day
    which is not one of the aforementioned days.

FED. R. BANKR. P. 9006(a). Here, the ten-day appeal time fixed by Rule 8002(a) expired on September 25, 2006, a Monday, which was not a legal holiday.

The Debtor filed the Motion for Extension of Time on September 28, 2006, well within the twenty days after the ten-day appeal period expired on September 25, 2006. The court must, therefore, determine whether the late-filed Motion for Extension of Time was a result of the Debtor's "excusable neglect."

In discerning whether excusable neglect applies, the Supreme Court has set forth the following determinative factors: (1) danger of prejudice to the debtor; (2) length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay and whether it was in the movant's reasonable control; and (4) the movant's good faith. *Pioneer Investment Servs. Co. v. Brunswick Assoc., Ltd.*, 113 S. Ct. 1489, 1498 (1993); *see also Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 82 (B.A. P. 6th 1997) (holding that the *Pioneer* standard of "excusable neglect applies to Rule 8002(c)).

Clearly, the failure to file a notice of appeal within the required ten-day period set forth in the Federal Rules of Bankruptcy Procedure constitutes neglect. *See, e.g., Brown v. Puerner (In re Brown)*, 313 B.R. 693, 698 (Bankr. W.D. Mich. 2004). Accordingly, the question is whether the Debtor's neglect was excusable.

"[B]y empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 113 S. Ct. at 1495. Nevertheless, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually

constitute 'excusable neglect.'" *HML II, Inc. v. Ginley (In re HML II, Inc.)*, 234 B.R. 67, 72 (B.A.P. 6th Cir. 1999); *see also In re Mizisin*, 165 B.R. 834, 835 (Bankr. N.D. Ohio 1994) ("[m]isunderstanding of the Bankruptcy Code and rules . . . do[es] not constitute excusable neglect."). These standards are

> also applicable to pro se litigants. The Supreme Court has instructed courts to hold pleadings filed by pro se litigants to a less stringent standard than those filed by lawyers, but has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.

*Xuchang Rihetai Human Hair Goods Co., Ltd. v. Hongjun Sun (In re Hongjun Sun)*, 323 B.R. 561, 566 (Bankr. E.D.N.Y. 2005) (quoting *McNeil v. United States*, 113 S. Ct. 1980, 1984 (1993)).

Here, the Debtor offers no reasons other than reliance upon Rule 9006(f) for failing to timely file the Motion for Extension of Time. The September 15, 2006 Order striking the "Notice of Conversion to Chapter 7" and denying the "Motion and Affidavit for Recusal of Judge Stair," and "Motion for Relief From August 18, 2006 Order, and Motion for Relief From Stipulation by Debtor, and Motion for Stay and Suspension of Proceedings, and Demand for Due Process and Equal Protection" was grounded, in part, upon the Debtor's failure to timely file a notice of appeal of the August 18, 2006 Order dismissing this Chapter 13 bankruptcy case. The court fully explained to the Debtor the bankruptcy appeal process and the method for staying the running of the Rule 8002(a) 10-day appeal time. *See In re Reyes*, Case No. 06-31589, slip op. at 3-4 (Bankr. E.D. Tenn. Sept. 15, 2006). As stated, ignorance of the Rules does not constitute excusable neglect.

Furthermore, the Debtor will not be prejudiced by the denial of her Motion for Extension of Time. The fact remains that the Debtor was not eligible to be a debtor under title 11 because she had

10

not satisfied the credit counseling briefing requirement of § 109(h).  Moreover, the Debtor still has not filed a certificate evidencing that she has received this counseling as required by 11 U.S.C. § 521(b)(1) (2005), which "[r]ead in tandem with §§ 109(h) . . . [and] 707(a) and Interim Rule 1007(b)(3) require the Debtor[] to receive credit counseling from an approved agency within the 180-day period prior to filing the Petition, and to file a certificate evidencing [her] receipt of the pre-petition counseling in order to be [an] eligible Debtor[] under the Bankruptcy Code." *In re Bricksin*, 346 B.R. 497, 501 (Bankr. N.D. Cal. 2006).  Even were the court to have found exigent circumstances under § 109(h)(3) meriting a waiver of the prepetition credit counseling briefing, the Debtor would have been required to file her certificate within 30 days from July 24, 2006, the date upon which she commenced her bankruptcy case.  *See* 11 U.S.C. § 109(h)(3)(B).  She has not and her case was dismissed.  She did not appeal the dismissal, and it would be an exercise in futility to grant her Motion for Extension of Time.

For the foregoing reasons, the Debtor's Motion for Extension of Time filed on October 2, 2006, shall be denied.

FILED:  October 19, 2006

> BY THE COURT
>
> /s/  RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE